**4**

LEONARD K. WELSH, CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 328-5328

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

JORGE LUIS TIJERINA

        Debtor.

Case No.  12-13101-B-12

Chapter  12

DC No. LKW-12

Date:    June 5, 2013
Time:    3:00 pm
Place:   Bankruptcy Court
        1300 18th Street – First Floor
        Bakersfield, CA
Judge:  Honorable W. Richard Lee

## <u>MOTION FOR AUTHORITY TO SELL REAL PROPERTY</u>

The Motion for Authority to Sell Real Property filed by JORGE LUIS TIJERINA

("Debtor") represents as follows:

## I.
## INTRODUCTION

1.     Debtor filed a Voluntary Petition Under Chapter 12 on April 6, 2012 and a

Chapter 12 Plan on June 26, 2012 ("the Plan").  The Bankruptcy Court entered an Order

Confirming Chapter 12 Plan on September 28, 2012.  Debtor has remained in possession of his

property since that time.  Debtor's assets include a single family residence located at 8809

Worrell Court, Bakersfield, California and 470 acres of farmland located in Lost Hills,

California ("the Farmland").  The Plan provides for the sale of the Farmland and that creditors

holding tax liens and deeds of trust against the property will be paid from proceeds received

from the sale.  See <u>Chapter 12 Plan</u>, Section IV, <u>Means for Executing the Plan</u>, at Paragraph

4.02.  A copy of the Plan is included in the <u>Exhibits to Motion for Authority to Sell Real Property</u> on file herein ("the Exhibits").

## II.
## SALE OF FARMLAND

2.     Debtor has received an offer to purchase the Farmland from Baba Farid Agri, Inc. ("Buyer") for $470,000.00.  A copy of the Vacant Land Purchase Agreement and Joint Escrow Instructions between Buyer and Debtor is included in the <u>Exhibits</u>.  The sale of the Farmland to Buyer for $470,000.00 will result in payment in full of all allowed claims secured by liens against the Farmland and payment in full of all other allowed claims that are required to be paid in full during the term of the Plan including priority unsecured and general unsecured claims.

3.     Debtor believes that the Farmland is subject to the following encumbrances of record and that there are no other liens against the Farmland:

| Name of Debtor | Class of Claim | Estimated Amount of Claim |
|---|---|---|
| a. Kern County Tax Collector | Real Property <u>Tax Lien</u> Dated: 2012 | $ 2,400.00 |
| b. USDA-Farm Service Agency | Recorded: 6-20-2001 | 210,000.00 |
| c. USDA-Farm Service Agency | <u>Deed of Trust</u> Recorded: 6-20-2001 | 55,000.00 |
| d. Elmer F. Karpe, Inc. | <u>Deed of Trust</u> Recorded: 12-03-2004 | 28,000.00 |
| e. Internal Revenue Service | <u>Federal Tax Lien</u> Recorded: 7-23-2009 | 13,000.00 |

4.     Debtor believes that the sale of the Farmland is in his best interest and the best interest of his estate because:

a.     all claims secured by liens against the Farmland will be paid in full from proceeds received from the sale,

b.      all other claims that are required to be paid in full during the term of the Chapter 12 Plan will be paid in full from proceeds received from the sale, and

c.      the Plan requires the Farmland to be sold on or before December 31, 2013.

### III.
### DISTRIBUTION OF PROCEEDS RECEIVED FROM SALE

5.      Proceeds received from the sale of the Farmland will be paid and distributed as follows:

| | Name of Payee | Approximate Amount of Payment |
|---|---|---|
| a. | Kern County Tax Collector | $  2,400.00 |
| b. | USDA-Farm Service Agency | $210,000.00 |
| c. | USDA-Farm Service Agency | $ 55,000.00 |
| d. | Elmer F. Karpe. Inc. | $ 28,000.00 |
| e. | Internal Revenue Service | $ 13,000.00 |
| f. | Chapter 12 Trustee for Payment of Priority Unsecured Claims and Trustee's Fee | $ 12,000.00 |
| g. | Chapter 12 Trustee for Payment of General Unsecured Claims and Trustee's Fee | $ 12,000.00 |
| h. | Real Estate Commission (6%) | $ 28,200.00 |
| i. | Cost of Sale including escrow fees, closing costs, and title insurance | $  9,400.00 |
| | TOTAL | $370,000.00 |

The dollar amounts reflected above are approximations and Debtor reserves the right to change the amount of payments to be made to the persons named above based on the accrual of interest and other charges needed to close escrow.  A real estate commission of six percent (6%) of the purchase price or $28,200.00 will be split between Debtor's real estate agent [Brokers of Bakersfield, Inc.] and Buyer's real estate agent [Foster & Associates]. Debtor has no connection with Buyer and its real estate agent or Debtor's real estate agent except for Debtor being the "Seller" in the sale of the Farmland to Buyer or its nominee.

## IV.
## LAW AUTHORIZING SALE

6.    11 USC Section 363(b)(1) provides that a trustee, or debtor in possession, may sell property of the estate other than in the ordinary course of business after notice and a hearing.  Debtor has provided notice of the Motion to the United States Trustee, the Chapter 12 Trustee, all creditors, and parties requesting special notice as required by law and a hearing on the Motion is set for June 5, 2013 at 3:00 p.m.  Additionally, 11 USC Section 1203 gives the debtor in a Chapter 12 case the power to sell property of a Chapter 12 estate; while, the 11 USC Section 1222 (b)(8) provides that a Chapter 12 Plan may "provide for the sale of all or any part of the property of the estate or the distribution of all or any part of the property of the estate among those having an interest in such property." In the present case, the Chapter 12 Plan requires Debtor to sell the Farmland on or before December 31, 2013.

7.    Debtor believes that the offer received from Buyer represents a fair and reasonable offer under the circumstances of his case and that his reorganization efforts will be benefited if his is permitted to sell the Farmland to Buyer or its nominee for $470,000.00 Debtor believes that the purchase price of $470,000.00 is fair and reasonable.

WHEREFORE, Debtor prays that:

1.    the Motion for Authority to Sell Real Property filed by Debtor be granted,

2.    Debtor be authorized to sell the Farmland to Baba Farid Agri, Inc. or its nominee for $470,000.00,

3.    Debtor be authorized to distribute proceeds received from the sale of the Farmland to the persons identified in Paragraph 5 above, and

4.    Debtor be given such other relief as the Court deems to be just and proper.

Dated: May 2, 2013                    LAW OFFICES OF LEONARD K. WELSH

By: /s/  Leonard K. Welsh
LEONARD K. WELSH
Attorneys for Debtor

31E8300.DOC                           4